# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KENNETH TANNER,

        Petitioner,

v.                                                           Case No. 09-MISC-45

STATE of WISCONSIN,

        Respondent.

_____

# ORDER

On June 12, 2009, petitioner Kenneth Tanner ("Tanner") filed a motion for an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tanner states that he "has been moved through the institution," presumably the Oshkosh Correctional Institution where he is currently incarcerated, and that his legal papers have been lost. Tanner requests an extension of 60 days to file his habeas petition.

A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct criminal appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Along with his motion, Tanner also filed paperwork indicating that his petition for review by the Wisconsin Supreme Court was denied on June 10, 2008. Tanner appears to believe that his one-year limitations period begins to run on this date. However, it did not begin to run until 90 days later, following the period of time allowed for filing for certiorari in the United States Supreme Court. *See Anderson*, 281 F.3d at 675. Therefore, Tanner's limitations period did not begin to run until September 9, 2008, and he has until September 9, 2009, to file a timely habeas petition.

Tanner requests that this court grant him a sixty-day extension of time to file his habeas petition. However, Tanner has more than sixty days remaining in his one-year limitations period. Thus, an extension of time is unnecessary and the court will deny Tanner's motion.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for an extension of time (Docket #1) be and the same is hereby **DENIED** and this matter is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-2-

Case 2:09-mc-00045-JPS   Filed 07/02/09   Page 2 of 2   Document 2